UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES EDWARD SCHMIDT,

        Plaintiff,

                                                  Case number 05-74495

v.                                        Honorable Julian Abele Cook, Jr.

LIVINGSTON COUNTY PROBATE COURT,

        Defendant.

ORDER

    On November 28, 2005, the Plaintiff, James Edward Schmidt ("Schmidt"), acting without the benefit of counsel, filed a Complaint, in which he alleged a variety of constitutional and statutory violations of his civil liberties by the Defendant, Livingston County Probate Court ("Probate Court"). On July 24, 2006, Schmidt filed a motion in which he asked the Court to prevent the Probate Court from disposing of certain real and personal properties which he considers to be a part of the probate estate that gives rise to the present action.

I.

    In his Complaint, Schmidt alleged that the Probate Court, in rendering certain decisions regarding his family's probate estate, violated the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendment of the United States Constitution. Specifically, he contends that the Probate Court should be restrained from selling, subdividing, developing, timbering, or altering certain real and personal property, bank accounts, and any other interests, or entities associated with Karl James Schmidt, Ethel Ruth Schmidt, or himself. He contends that a state court order of May

1

25, 2004 specifically mandated that the properties in question could not be sold or altered in any way. Thus, it is Schmidt's belief that he will suffer immediate and irreparable harm unless this Court intervenes immediately.

In its response, the Probate Court argues that Schmidt has failed to plead facts or law with any level of sufficiency to support of his position. Believing its position to be justified, the Probate Court filed a motion to dismiss on February 20, 2006,[1] in which it claimed that Schmidt's claims are barred due to immunity resulting from the Eleventh Amendment of the United States Constitution and the Rooker-Feldman Doctrine. Additionally, the Probate Court argues that Schmidt has failed to state a claim for relief under 42 U.S.C. §§§ 1981, 1985, or 1986.

## II.

In considering a motion for a preliminary injunction, the Sixth Circuit Court of Appeals has declared that "a district court must consider and balance four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer an irreparable injury without the injunction; (3) whether the issuance of an injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of injunction." *Memphis Planned Parenthood, Inc. v. Sundquist*, 175 F.3d 456, 460 (6th Cir. 1999) (quoting *Blue Cross & Blue Shield Mutual of Ohio v. Columbia/HCA Healthcare Corp.*, 110 F.3d 318, 322 (6th Cir. 1997)) (quotation marks omitted). Moreover, the Sixth Circuit has stressed that "the four considerations applicable to preliminary injunction decisions are factors to be balanced, not prerequisites that must be met." *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985)

## III.

------

[1] The Probate Court's motion to dismiss is currently pending before this Court.

2

A.      Strong Likelihood of Success on the Merits

The Probate Court contends that Schmidt has failed to state a cognizable claim for relief. Additionally, it challenges the applicability of the Rooker-Feldman doctrine to this case. This doctrine provides that lower federal courts lack subject matter jurisdiction to review state court proceedings. *Perterson Novelties, Inc. v. City of Berkley,* 305 F.3d 386, 390 (6th Cir. 2002). Specifically, a federal district court is prohibited from reviewing a case that has been previously litigated in a state court. *United States v. Owens,* 54 F.3d 271, 274 (6th Cir. 1995).

In order for the Rooker-Feldman doctrine to apply, (1) the issue must be "inextricably intertwined" with the claim in the state court proceeding, *Catz v. Chalker,* 142 F.3d 279, 293 (6th Cir. 1998), and (2) the claim must be a specific grievance that the law was incorrectly or unconstitutionally applied in a particular plaintiffs case. *Topf v. Fidelity National Title Insurance Co.,* 289 F.3d 929, 937 (6th Cir. 2002). A federal claim is "inextricably intertwined" if the success of the federal claim necessarily means that the state court inaccurately decided the issues. *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 25 (1987).

The Probate Court argues that Schmidt's claims constitute a collateral attack upon the state court judgments. Moreover, the Probate Court contends that Schmidt's allegations, in essence, are (1) specific grievances that the law was misapplied to his particular case, and (2) the decision by the state court is the basis for the present lawsuit, which, in turn, makes the issue "inextricably intertwined" with the federal claim. Specifically, the Probate Court submits that a review of his claims would necessarily implicate a review of those issues already presented during probate court proceedings. Accordingly, the Probate Court likens Schmidt's Complaint to an appeal of the contested state court proceedings.

3

Although Schmidt argues that a state court order specifically indicated that the relevant property cannot be sold, he has failed to provide the Court with any evidence to substantiate his claims.  Additionally, a determination by this Court in his favor would essentially imply that the state court inappropriately decided the issues before it.  A federal district court has no authority to proceed in that manner.  Given that this federal claim is "inextricably intertwined" with the issues in the state court proceeding, this Court concludes that the Rooker-Feldman doctrine precludes this Court from reviewing Schmidt's claims.

B.      Irreparable Injury

In seeking a preliminary injunction, a party must make a clear showing of a significant threat that (1) an irreparable injury will result if relief is not granted, and (2) no other adequate legal remedy is available. *City of Parma v. Levi,* 536 F.2d 133, 135 (6th Cir. 1976).  An injury is not fully compensable in money damages if the nature of the aggrieved party's claimed loss would make damages difficult to calculate.  *Basicomputer Corp. v. Scott,* 973 F.2d 507, 511 (6th Cir. 1992).

In this case and based upon Schmidt's representations, it is evident that a sale or an alteration of the identified assets would make the damages difficult to calculate which, in turn, would make the issuance of a preliminary injunction an appropriate remedy under the present circumstances. In essence, he could suffer harm from an adverse state court determination, but not from any illegal or unlawful acts by the Probate Court.  Therefore, the Court does not believe that Schmidt will suffer an irreparable harm at the hands of the Probate Court, inasmuch as  he already had an opportunity to present his legal position during the state court proceedings.

C.       Balancing of the Harms and the Public Interest

This Court turns now to an evaluation of whether the preliminary injunction would cause

4

substantial harm to others, and if the public interest would be served by such an order of restraint. Here, the issuance of a preliminary injunction could cause a prejudice to those persons whom the state court has previously determined to be the appropriate beneficiaries of the identified properties. Additionally, Schmidt has failed to demonstrate to the Court how the public interest would be served by a grant of a preliminary injunction.  Such a grant would only encourage future litigants to ignore state court determinations if they are dissatisfied with the results, and proceed to seek a judicial review in a federal court.  Permitting this type of "appeal" that Schmidt seeks in this matter would inescapably undermine the authority of a state court, thereby weakening the public's confidence in the judicial process.

IV.

Based on the available record, this Court concludes that Schmidt has not set forth sufficient evidence upon which to justify the imposition of injunctive relief in this cause. Significantly, he has failed to sustain his burden of demonstrating a strong likelihood of success on the merits. Additionally, Schmidt has not established that he or others will suffer an irreparable harm if some form of injunctive relief is not issued.  Furthermore, the public interest will not be served if the Court finds in Schmidt's favor on this issue. Accordingly, Schmidt's request for a preliminary injunction must be, and is, denied.

IT IS SO ORDERED.

Dated:  September 11, 2006                              s/ Julian Abele Cook, Jr.
        Detroit, Michigan                              JULIAN ABELE COOK, JR.
                                                       United States District Court Judge

5

<u>Certificate of Service</u>

     I hereby certify that on September 11, 2006,  I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy of the order in 20 font to Plaintiff, James Schmidt.

<u>s/ Kay Alford       </u>
Courtroom Deputy Clerk

6